**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| ALEXANDER HOWELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-1000-HEA |
| DEPARTMENT OF JUSTICE SERVICES, et al., | ) ) ) ) |
| Defendants. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the filing of an amended complaint by self-represented plaintiff Alexander Howell,[1] a pretrial detainee at the St. Louis County Department of Justice Services. ECF No. 6. The Court previously granted plaintiff *in forma pauperis status*. ECF No. 5. The Court has carefully reviewed the amended complaint and, for the reasons discussed below, will allow plaintiff another opportunity to cure the pleading deficiencies and will direct her to submit a second amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

---

[1] Plaintiff states she identifies as female. The Court will, therefore, use the pronouns "she" and "her" when referring to Plaintiff.

1

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that a court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented complainants are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff that assumed facts that had not been pleaded). In addition, affording a self-represented complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Self-represented plaintiff Alexander Howell filed this action on August 10, 2021 on a Court-provided complaint form pursuant to 42 U.S.C. § 1983. The St. Louis County Department of Justice Services ("SLCDJS") was named as the sole defendant. Plaintiff alleged she was being deprived of her constitutional rights for five reasons:

> (1) the lack of providing the "safety" and "welfare" of all people, (2) the concept of the environment is "structured to provide a positive behavior management system," but prevents the fulfillment of another right, (3) some physical aspects that are grossly inadequate, (4) and the most efficient way of creating conditions and circumstances of lockdown, [and] (5) threats of retaliation, non[-]life threatening and then later death, for grievance process and the initiation of filing a civil suit.

ECF No. 1 at 3.

Plaintiff further alleged that "around the dates of March 28 to March 11" she was denied access to the law library, and "around May" an unidentified officer harassed her by calling her "it," "boy," thug," and "that." Plaintiff stated other unnamed officers threatened her for filing grievances, and on July 20, 2021 her "life was threatened" by a sergeant who placed her "under imminent danger." Plaintiff further complained she was being housed in the "hole" with quarantining inmates "where there is mold and blood on the walls." Plaintiff stated her isolation from the general population was made without reason or notice. For relief, plaintiff sought monetary damages in the amount of 2.5 million dollars, and for the Court to "drop and/or lessen [her] charges."

On August 19, 2021, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and determined it was subject to dismissal. ECF No. 5. Plaintiff's claims against the sole defendant, SLCDJS, were legally frivolous because it was not a "juridical," or suable entity, under 42 U.S.C. § 1983. The complaint also failed to name as defendants the individuals who allegedly harassed

3

and threatened her, denied her access to the law library, or who placed her in unsanitary living conditions.

Because plaintiff is a self-represented litigant, the Court directed her to file an amended complaint to cure her pleading deficiencies. Plaintiff was provided with detailed instructions on how to properly submit her amended complaint.

## The Amended Complaint

On August 27, 2021, plaintiff filed an amended complaint on a Court-provided 'Prisoner Civil Rights Complaint' form pursuant to 42 U.S.C. § 1983. ECF No. 6. Plaintiff names eighteen defendants as follows: (1) Department of Justice Services; (2) M. Lee, Officer; (3) L. Johnson, Officer; (4) J. Showmaker, Sergeant; (5) Tim Ishman, Major; (6) L. Ford, Officer; (7) Jones, 8th Floor Officer; (8) M. Winston, Officer; (9) T. Rodgers, Phone Tech; (10) May Stearn, Case Manager; (11) M. Wolf, Sergeant; (12) E. Porter, Officer; (13) Patrick, Officer; (14) A. McKinney, Prea Coordinator; (15) Doug Burris, Director; (16) A. Elrod, 8th Floor Officer; (17) Wright, 8th Floor Sergeant; and (18) S. Maddex, Sergeant. All defendants are alleged to be employees of the SLCDJS, except for T. Rodgers, who is alleged to be an employee of Securus Technologies. Plaintiff indicates all defendants are being sued in their official capacities, except for L. Johnson, who is sued in both his official and individual capacities

Similar to the original complaint, plaintiff first lists several reasons for why her constitutional rights are allegedly being deprived:

> (1) the lack of providing "safety" and "welfare" of all people, (2) lacking the concept of the environment is "structured" to provide a positive behavior management system by fulfilling inmates rights, but instead prevents the fulfillment of another right; (3) some physical aspects of the facility that [are] grossly inadequate; (4) the most efficient way of creating conditions of lockdown that make self improvement possible and degeneration unlikely; (5) threats of retaliation, non

4

>life threatening and then later death, for grievance process and the initiation of filing a civil suit; (6) gross staff conduct and communication; (7) denial of access to courts by legal library and correspondence; [and] (8) inadequate medical attention.

ECF No. 6 at 6-7.

Plaintiff then proceeds to allege various grievances against the defendants. Her statement of claim is presented as a disjointed, stream of consciousness narrative concerning multiple unrelated topics mostly lacking factual support. Plaintiff states she has been "denied proper legal assistance for the law library by May Stearn, Sergeant M. Wolf, and Sergeant J. Showmaker" and harassed by Officer L. Johnson for her feminine pronouns. Plaintiff complains the conduct of "multiple officers" is "gross" because M. Lee "comes to work or get[s] high on the clock," "Sergeant Wolf makes racist remarks," and Officers Paige and Porter "gave [her] another inmates paperwork." Plaintiff asserts that staff shortages at the SLCDJS "led to deprivation of rec time and health form turn-ins by medicine staff."

Plaintiff alleges Officers Winston, Lee, and Elrod shared confidential information with inmates, Major Ishmon transferred her to a cell with bed bugs and blood on the wall, and she was housed in a pod with moldy showers and quarantining inmates. Plaintiff complains T. Rodgers "could not fix the phones" which caused her and other inmates from making calls for eighteen days. Plaintiff further states she was punished by Officer Patrick "for expressing [her]self to an inmate" and A. McKinney prevented her from being assigned to the general population.

Plaintiff asserts she wrote a letter to the Director of SLCDJS, who "refuses to come speak to [her]," and, instead, "sends other administrative personnel to fix a problem that doesn't get fixed." She alleges Sergeant Maddex "threatened to retaliate against [her] by stating he 'kill' behind his job and family" and she "better focus on [her] civil suit." She asserts Officers Jones and

5

Lee threatened to retaliate against her for writing grievances. Lastly, plaintiff she complains of a bug infestation in the recreation yard, issues with "food consistency," and a lack of "audio on intercoms or cameras."

Plaintiff describes her injuries as migraines, anxiety, and depression. Plaintiff seeks monetary damages in the amount of five million dollars for "inequality, [the] due process clause, and deprivation of liberty."

### Discussion

Having thoroughly reviewed and liberally construed plaintiff's amended complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow her a second opportunity to file an amended complaint.

#### A. Claims against SLCDJS

Similar to her original complaint, plaintiff once again names the SLCDJS as a defendant. By Opinion, Memorandum and Order, dated August 19, 2021, the Court explained that a department or subdivision of local government is not a suable entity under 42 U.S.C. § 1983. ECF No. 5 (citing *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities)). Consequently, plaintiff's complaint is legally frivolous as to defendant SLCDJS.

#### B. Official Capacity Claims

Plaintiff's claims against all eighteen defendants in their official capacities are also subject

to dismissal. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). A "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against a sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent").

Unlike SLCDJS, St. Louis County as a local governing body can be sued under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In order to prevail on this type of claim, however, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). Here, plaintiff has not alleged any facts against St. Louis County to support the proposition that it has an unconstitutional policy or custom, or that it has been deliberately indifferent in failing to train or supervise its employees. Therefore, plaintiff's official capacity claims are subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his

7

complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### C. Individual Capacity Claims

The only defendant named in his individual capacity is Officer L. Johnson. Plaintiff alleges she was harassed by Officer L. Johnson in "May, June, July, and current." Plaintiff attributes the harassment to her use of feminine pronouns. She does not provide any additional factual support, such as how Officer Johnson harassed her. As pled, this claim is subject to dismissal.

Generally, "verbal threats made by a state-actor do not constitute a § 1983 claim." *Turner v. Mull*, 784 F.3d 485, 492 (8th Cir. 2015). This is because the Constitution does not guard against all intrusions on a person's peace of mind. *King v. Olmstead County*, 117 F.3d 1065, 1067 (8th Cir. 1997). Typically, fear or emotional injury resulting solely from threats or verbal harassment is insufficient to constitute the violation of an identified liberty interest. *Id.* Additionally, plaintiff failed to allege sufficient facts describing the conduct she believes violated her rights. Without a factual underpinning, plaintiff's allegation amounts to a legal conclusion that is not entitled to the presumption of truth. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that while a "court must accept allegations of fact as true . . . the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations"). Thus, her general and conclusory statement that Officer Johnson harassed her is simply not enough to state a claim for relief under the Eighth Amendment. *See Iqbal*, 556 U.S. at 678.

The Court further notes that the amended complaint is subject to dismissal because it appears to advance multiple claims against multiple defendants concerning unrelated events that

occurred over several months. Such allegations brought under the same complaint are impermissible. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . .  may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). As such, a plaintiff cannot join, in a single lawsuit, multiple claims against different defendants related to events arising out of different transactions or occurrences. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). For example, in the instant amended complaint, plaintiff's claim for alleged harassment by Officer Johnson is unrelated to her claim against T. Rogers[2] for being unable to fix the phone system, both of which are unrelated to her allegation of inadequate medical attention. These claims bear little or no relationship to each other. Unrelated claims against different defendants belong in different suits, in part to ensure that prisoners pay the required filing fees.

> Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and provides:
>
> A party asserting a claim to relief as an original claim, counterclaim, cross claim, or third party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Fed. R. Civ. P. 18(a). Therefore, multiple claims against a single defendant are valid. That is, plaintiff may name one defendant and bring as many claims against that defendant as she desires.

---

[2] Plaintiff's claims against T. Rogers are also subject to dismissal because he appears to be an employee of Securus Technologies, a private corporation. It is well settled that only state actors, not private individuals, are liable under § 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001)

On August 19, 2021, the Court issued an Opinion, Memorandum and Order directing plaintiff to file an amended complaint in compliance with explicit detailed instructions. ECF No. 5. As to the "Statement of the Claim" section, plaintiff was instructed to "begin by writing the defendant's name" and in "separate, numbered paragraphs under that name . . . set forth a short and plain statement of the facts [to] support [her] claim or claims against that defendant." *Id.* at 5 (citing Fed. R. Civ. P. 8(a)). Plaintiff was further instructed to limit each paragraph to a single set of circumstances. *Id.* at 6 (citing Fed. R. Civ. P. 10(b)). Plaintiff failed to comply with these directions. To the contrary, she set forth her allegations in a stream of consciousness manner that would make it very difficult for the defendants to admit or deny her allegations. Plaintiff's non-compliance with Rules 8 and 10 also makes it challenging for this Court to review her amended complaint pursuant 28 U.S.C. § 1915(e)(2) for the purpose of determining whether she has sufficiently alleged constitutional violations.

Lastly, plaintiff inappropriately attached to her amended complaint an alternative form complaint, ECF No. 6-3, which contains similar allegations against the same eighteen defendants. Plaintiff explained: "If the last form was incomplete, here is a new form to replace the original and last complaint. This would become my amended complaint." The Court has previously instructed her that such a filing is inappropriate. *See* Opinion, Memorandum and Order, dated August 19, 2021, at 6 ("Plaintiff must not amend a complaint by filing separate documents. Instead, [s]he must file a single, comprehensive pleading that sets forth her claims for relief.").

Although plaintiff's amended complaint is subject to dismissal in its entirety for the reasons explained above, the Court will allow her one *final* opportunity to cure the pleading deficiencies and direct her to file a second amended complaint.

**Instructions on Amending the Complaint**

Plaintiff is warned that the filing of her second amended complaint replaces the amended and original complaints, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on this Court's prisoner civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the second amended complaint, plaintiff must state the first and last name, to the extent she knows it, of each defendant she wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). **Plaintiff must avoid naming anyone as a defendant unless that person is directly related to her claim.** Plaintiff must also specify whether she intends to sue each defendant in his or her individual capacity, official capacity, or both.

**In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). **If**

11

**Plaintiff names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.** *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming her. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). **Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."** *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). In order to state an actionable civil rights claim against each defendant, plaintiff must set forth specific factual allegations showing what that particular defendant actually did, or failed to do, that violated the plaintiff's federally-protected rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir. 1999) (a plaintiff must plead facts showing each named defendant's personal involvement in the alleged constitutional wrongdoing); *see also Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (*respondeat superior* theory inapplicable in § 1983 cases).

Plaintiff must **not** amend a complaint by filing separate documents. Instead, she must file a single, comprehensive pleading that sets forth her claims for relief.

### Second Motion to Appoint Counsel

Plaintiff has filed a second motion to appoint counsel. ECF No. 7. In civil cases, a self-

represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court again finds that the appointment of counsel is unwarranted at this time. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is no indication that plaintiff cannot investigate the facts and present her claims to the Court.

The Court will therefore deny her second motion for appointment of counsel without prejudice at this time. However, the Court will entertain a future motion for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that, within **thirty (30) days of the date of this Opinion, Memorandum and Order**, plaintiff shall submit a second amended complaint in accordance with

the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff's second motion to appoint counsel [ECF No. 7] is **DENIED** without prejudice at this time.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Opinion, Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 17th day of   September, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE